IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JOSEPH BANKS d/b/a Banks Electric,**

      **Plaintiff,**

**v.**                                      **No. CIV 02-445 BB/WWD**

**R.E. WILLIAMS CONSTRUCTION SERVICES COMPANY and CUMBERLAND CASUALTY & SURETY COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION
## AND
## ORDER GRANTING PARTIAL SUMMARY JUDGMENT

**THIS MATTER** is before the Court on the motion of Defendant R.E. Williams Construction Services Company for partial summary judgment [Doc. 23] on Plaintiff's common law tort claims for negligent and intentional misrepresentation and breach of the covenant of good faith and fair dealing. The Court having considered the briefs of the parties and being otherwise advised, FINDS the motion will be Granted in Part and Denied in Part.

### *Discussion*

I.   *Facts*

Defendant R.E. Williams Construction Services Company ("Williams") was the prime contractor on a construction project in Albuquerque. Williams solicited a bid

from Plaintiff Joseph Banks d/b/a Banks Electric ("Banks") to perform electrical contracting on the project.  During the project, the scope of work was changed and Banks was asked to do substantially more than originally agreed.  Gary Thomason, the construction manager for Williams, in turn agreed to several fee increases for Banks, until the total reached $106,180.  Banks received a total of $9,000 from Thomason and brought this suit seeking to recover for breach of contract, foreclosure of lien, misrepresentation, open account, violation of the covenant of good faith and fair dealing, and *quantum meruit*.

Defendant Williams has now moved for partial summary judgment[1] on the claims of intentional and negligent misrepresentation and breach of the covenant of good faith and fair dealing.

## II.    *Intentional and Negligent Misrepresentation*

Defendant Williams seeks summary judgment arguing "claimants who sustain commercial damages are limited to their contract remedies, the economic loss rule prohibits Banks from proceeding with its tort claims."  (Deft's Mot. p. 2).

It has long been established a plaintiff can plead alternative remedies under New Mexico law.  *Platco Corp. v. Shaw*, 428 P.2d 10 (N.M. 1967).  This permits recovery for either breach of contract or tort, or in appropriate cases both, from the same complaint.

---

[1] Defendant's motion might more properly have been brought under Federal Rule of Civil Procedure 12 as it actually raises the issue of whether these claims are legally applicable to the facts as stated in the complaint and no additional evidence is submitted.

**More specifically, a plaintiff may allege a defendant's promise was the basis of a contract or a tortious misrepresentation.** *Segura v. Molycorp, Inc.*, **636 P.2d 284 (N.M. 1981). Defendant's motion, then, raises the issue not of the validity of a contract or tort claim, but the proper measure of damages.** R. Joseph Barton, Note, *Drowning in a Sea of Contract:  Application of the Economic Loss Rule to Fraud and Negligent Misrepresentation Claims*, **41 Wm. and Mary L. Rev. 1789 (2000).**

**Historically, contract and tort remedies derived from, and were designed to regulate, distinct and different relationships.** *St. Denis v. Department of Housing & Urban Dev.*, **900 F. Supp. 1194, 1202 (D. Alas. 1995);** *Neibarger v. Universal Coops*, **486 N.W.2d 612, 615 (Mich. 1992).  2 DAN B. DOBBS, THE LAW OF TORTS § 452 (West 2001). Contract actions were created to enforce the expectations of the parties while tort law is primarily designed to vindicate social policy.  WILLIAM L. PROSSER, THE LAW OF TORTS § 92, 613 (4th ed. 1971);** *Deli v. University of Minn.*, **578 N.W.2d 779, 782 (Minn. App. 1998).  The difference in the goals of these two forms of redress naturally leads to the imposition of different remedies for breach.** *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, **869 P.2d 454, 460-1 (Cal. 1994); JOHN EDWARD MURRAY, MURRAY ON CONTRACTS 683-8 (1990).  The courts created the "economic loss rule" in order to keep tort remedies from encroaching on contract boundaries.  Edward P. Ballinger, Jr. and Samuel A Thumma,** *The History, Evolution and Implications of Arizona's Economic Loss*

*Rule*, 34 Az. St. L.J. 491, 493 (2002).  Professor Dobbs explains the rationale underlying the doctrine as follows:

> *Bases of the rule*.  Reasons for the economic or commercial loss rule are of at least two general kinds.  First, financial harm tends to generate other financial harm endlessly and often in many directions.  Liability in most pure commercial harm cases would be onerous for defendants and burdensome for courts.  Second, where commercial loss is suffered by parties to a transaction, contract law is adequate to deal with the problem and also usually more appropriate. In particular, imposition of duties in tort at odds with the contract rights established between the parties would undermine contract law.

2 DOBBS § 452 p. 1283 (citations omitted).

Plaintiff's claim for negligent misrepresentation sounds in tort not contract. *Gilmore v. Duderstadt*, 961 P.2d 175, 183 (N.M. App. 1998); *Paiz v. State Farm Fire & Cas. Co.*, 880 P.2d 300 (N.M. 1994).  Contracts give parties the opportunity to negotiate remedies for foreseeable breaches and therefore the tort of negligent misrepresentation is not generally available to provide the remedy in a contractual setting.  *Rio Grande Jewelers Supply v. Data General Corp.*, 689 P.2d 1269, 1271 (N.M. 1984).  Limiting the parties to contract rather than negligence remedies is particularly appropriate on claims deriving from construction contracts since the contracting parties in that context are presumed to have an appropriate knowledge of risks inherent in the industry and also possesses relatively equivalent bargaining power.  *SME Indus., Inc. v. Thompson, Ventulett, Stainback & Assoc.*, 28 P.3d 669, 679 (Utah 2001); *Rissler & McMurray Co.*

*v. Sheridan Area Water Supply*, 929 P.2d 1228, 1235 (Wyo. 1996); *Berschauer/Phillips Constr. Co. v. Seattle Sch. Dist. No. 1*, 881 P.2d 986, 992 (Wash. 1994); *Spancrete, Inc. v. Ronald E. Frazier & Assoc.*, 630 So.2d 1197, 1198 (Fla. App. 1994). The economic loss rule therefore precludes Plaintiff at bar from recovering anything beyond its economic loss on its negligent misrepresentation claim. *First Interstate Bank v. Foutz*, 764 P.2d 1307, 1309 (N.M. 1988) (damages available for negligent misrepresentation limited to economic loss rather than benefit of the bargain).

Intentional misrepresentation presents a different scenario. While damages for negligent misrepresentation are defined by unforeseeable out-of-pocket losses, a "victim of intentional misrepresentation in a business transaction may be entitled to benefit of the bargain damages." *Teague-Strebeck Motors, Inc. v. Chrysler Ins. Co.*, 985 P.2d 1183, 1190 (N.M. App. 1999), citing RESTATEMENT (SECOND) OF TORTS § 549(2) (1977). *See also Marvin Lumber & Cedar Co. v. PPG Indus., Inc.*, 34 F. Supp. 2d 738, 743 (D. Minn. 1999). Since it is based on the intentional act of one of the contracting parties, the economic loss rule is less appropriate. *South Carolina Elec. & Gas Co. v. Westinghouse Elec. Corp.*, 826 F. Supp. 1549, 1557 (D.S.C. 1993). *See* Steven C. Tourek, et al., *Bucking the "Trend": The Uniform Commercial Code, the Economic Loss Doctrine, and Common Law Causes of Action for Fraud and Misrepresentation*, 84 Iowa L. Rev. 875, 935-8 (1999); Frank Nussbaum, *The Economic Loss Rule and Intentional Torts: A Shield or a Sword?*, 8 St. Thomas L. Rev. 473, 474 (1996). Since neither party has

**submitted evidence beyond the pleadings, however, the Court is unable, at this point, to assess whether Plaintiff has any evidence to support the claim for intentional misrepresentation.**

**III.    *Good Faith and Fair Dealing***

**A great majority of American courts have now recognized that in reaching a contractual agreement, the parties implicitly agree to deal with each other fairly and in good faith. Sandra Chutorian, Note, *Tort Remedies for Breach of Contract: The Expansion of Tortious Breach of the Implied Covenant of Good Faith and Fair Dealing into the Commercial Realm*, 86 Columbia L. Rev. 377 (1986). *See* RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981) ("Every contract imposes upon each party a duty of good faith and fair dealing in its performance and enforcement.") The covenant of good faith and fair dealing has been recognized by the New Mexico courts as being implied in every contract. *Watson Truck & Supply Co. v. Males*, 801 P.2d 639, 642 (N.M. 1990). This implied covenant "requires neither party do anything that will injure the rights of the other party to receive the benefit of their agreement." *Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 856 (N.M. 1994). To this extent the contractual covenant of good faith and fair dealing clearly applies to Defendant's contract with Plaintiff and denying Plaintiff the benefit of any such agreement is a breach of that covenant. *Id.***

**The contractual good faith and fair dealing requirement has, however, been transmuted by many courts into a tort when a fiduciary relationship or contract of adhesion is involved.  E. Allen Farnsworth, *Contracts* 357, 502-4 (1999); *Badre v. Bank of America*, 67 Cal. Rptr. 4th 779, 795 (Cal. App. 1998); *Rawlings v. Apodaca*, 726 P.2d 565, 576 (Az. 1986).  Indeed, New Mexico has permitted tort remedies in these limited situations.  *Walta v. Gallegos Law Firm*, 40 P.3d 449, 553 (N.M. App. 2001); *Allsup's Convenience Stores, Inc. v. North River Ins. Co.*, 976 P.2d 1 (N.M. 1998).  Neither a fiduciary relationship nor adhesion is alleged here, however.  As noted earlier, the parties to this contract are presumed to have knowledge of the risks inherent in the construction industry and possess relatively equal bargaining power.  There is therefore no policy reason to superimpose remedies for breach of the tort duty of good faith and fair dealing on the contractual covenant implied in the contract of the parties.  The economic loss rule will thus bar any such remedy.**

### O R D E R

**For the above stated reasons, the motion of Defendant Williams is GRANTED as to the tort remedies for negligent misrepresentation and the duty of good faith and fair dealing.  It is DENIED as to any intentional misrepresentation claim that can be proved.**

**Dated at Albuquerque this 24th day of January, 2003.**

                                                          _____
                                                          **B**RUCE **D. B**LACK
                                                          **United States District Judge**

**For Plaintiff:**

       Thomas L. Grisham, G**RISHAM** & L**AWLESS**, Albuquerque, NM

**For Defendant:**

       Sean R. Calvert, C**ALVERT** & M**ENICUCCI**, Albuquerque, NM